63,592-04

Date: MARCH 07th-2015

Inmate: Martin Vasquez
TDCJ-ID: 1924603-L204B
StevenSon-1525 FM 166
Cuero, Texas 77954

Attn: Cot. Crim. Appeal
Elso Acala
Supreme Cat. Bldg
201 W. 14. st
Capital Station
Austin, TX 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 01 2015

Abel Acosta, Clerk

To Whom it May Concern

My name is Martin Vasquez, I make a desperate
attempt to have this case Reopened and Properly investigated.
In good Faith I may look Forward to have moved
into another District Court.

I would Further show this Cat. of Crim. Appeals
as Follows;
(A), Prosecutorial MisConduct, And possible intentional
misRepresentation by the court assigned Counsels, Crim.
attorney MR. James M. Brooks // appellate attorney MR. Bob
Wicoff.

And that of Jani Muselli the First assigned appeal attorney who removed herself without Reason-justified.

As Defendant in case-cause no. 1352006, conviction for failure to Register also alleges that the conduct violates Procedures, Rules and substantial Amend. clauses of Defendant Rights.

Not only the "in court proceedings" need investigation but where the "outside of the court's knowledge." (e.g., outside investigative work, Houston Police Dept. involvement, complaint BEFORE defendant arrest to which eventually led to his arrest.

As Defendant in this conviction alleges that NO CAPIAS (warrant) were produced, UNTIL 7-8 months into confinement @ Harris Cnty Sheriff office, 1200 Baker II 701 N. San Jacinto, Houston, TX 77009

Defendant believes once the C.O.C.App. ORDERS release of trial II R.R. II transcripts, testimony of D.A. conference with arresting officers of cell phone records, events that that are Relevant II that transpired outside the court's knowledge on November 11th - 2011, on the streets of Houston. Unit Vehicle was Unmarked II ? II @ the time.

Also comes to Question defendant Houston Police Dept. Records which would Reveal NO Felony active warrants And where defendant had served 2 days For "misdemeanor citations,

Here would VERIFY
that without Question never existed a warrant
For the arrest of Martin Vasquez on that day
or in the past 13 + months.

Prosecutor in this case may have used improper
methods calculated to produce a wrongful conviction
and vindictiveness because defendant demanded a trial.

C.O.C. Appeal Justices MUST order conference with
trial prosecutor in the 351st. District Court, along with
James M. Brooks assigned crim. attorney, Toni Maselli
and Bob Wicoff both assigned appeal attorneys for the
Public Defender office.
C.O.C Appeal Justices MUST order BOTH attorneys
to Re-consider Representation of Martin Vasquez, case-
cause.no. 1352006 in Re-submitting defendant appeal
brief with the truth, facts and Laws STATUTORILY
Required of James M. Brooks and Bob Wicoff.

Defendant Vasquez would further argue that the
acts of MisConduct justifies declaring a mistrial, where
MR. James M. Brooks could have Ordered a mistrial and
also submitted to the trial Court the PROPER motion For
new trial.
Defendant believes it so infect us U the trial with
unfairness as to make the Resulting conviction a denial
of Due Process. Right to a Fair trial and impartial Jury.

3.

This conviction may be one with more than procedural errors, but violation of my 4th, 5th, 6th, 8th and 14th. Amend. Constitutional protections. One which may warrant REVERSAL of this Aug. 27th 2013 conviction.

Improper conduct of assigned crim. attorney and appeal attorney may have waived due diligence @ the time of criminal proceedings and appellate proceedings, obvious ERRORS. Preserving of these errors were waived and may have prejudiced defendant Vasquez substantially Right to a fair trial // Access to the C.O. Appeal and C.O.C. Appeal.

For Relief, Mr. Brooks and Mr. Wicoff along with prosecution conduct was improper, cummulative effect of improprieties, against Vasquez. Whether the presiding trial judge for the 351st. District Court waived ANY curative action,

This trial court's disorder may have Denied right to a fair trial by causing Jury to convict on grounds BEYOND prejudicial defects but rather Fund. substantial Constitutional Rights of Martin Vasquez

Whether these acts improper by prosecution, trial judge and Assigned attorneys to this case CONSTITUTE Ineffective Assistance under Strickland, steps were not taken by Mr. James M. Brooks and Mr. Bob Wicoff to mitigate error's effects, and because acts were intended to lead to convict Martin Vasquez rather guilty or innocent.

Respectfully, Mr. Vasquez

// file : C/c //

4.